IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BROOKE BOYETTE-FOLTZ,<br><br>    Plaintiff,<br><br>v<br><br>BLACK HAWK COLLEGE AND ALBERT STACY,<br><br>    Defendants. | LAW NO. _____<br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

**COMES NOW** the Plaintiff, Brooke Boyette-Foltz, and for her cause of action against the Defendants, Black Hawk College and Albert Stacy, states as follows:

1.  At all times pertinent hereto the Plaintiff, Brook Boyette-Foltz, was and is a resident of Moline, Illinois in Rock Island County.

2.  Defendant, Black Hawk College, is a community college in the state of Illinois with campuses in Moline and Galva Illinois in Rock Island County.

3.  Upon information and belief, Defendant Albert Stacy is a resident of Bettendorf in Scott County, Iowa.

4.  The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 as it raises federal questions.

5.  The amount in controversy exceeds the jurisdictional limits for district court.

6.  Plaintiff was employed by Defendant, Black Hawk College, beginning January of 2017.

7.  January 2017 was the beginning of the spring semester of Black Hawk College.

1

8. Said semester, Plaintiff enrolled in Math 112 taught by Defendant, Albert Stacy.

9. Sometime in the month of March, 2017, Defendant Stacy began engaging in inappropriate sexual conversation and behavior with Plaintiff through e-mails, texting, phone calls and in-person.

10. From March 2017 through July 22, 2017, Ms. Boyette-Foltz was subjected to sexual harassment by Albert Stacy, her professor for a math course at Black Hawk College.

11. The sexual harassment consisted of unwanted advances, aggressive behavior and altering grades.

12. Ms. Boyette-Foltz suffered sexual harassment at the hands of Professor Albert Stacy. Mr. Stacy engaged in sexually harassing and inappropriate behavior toward Ms. Boyette-Foltz during the Spring 2017 semester.

13. In particular, Mr. Stacy attempted to start a romantic relationship with Ms. Boyette-Foltz through emails, messaging and in-person conversations.

14. Mr. Stacy professed his love for Ms. Boyette-Foltz on a number of different occasions.

15. He called her beautiful, complimented her eyes and sought her company.

16. Mr. Stacy even suggested that he would follow her to St. Louis and get a hotel room so he could see her when she was free.

17. Mr. Stacy solicited Ms. Boyette-Foltz to provide him with pictures of her face.

18. He encouraged Ms. Boyette-Foltz to skip class and hang out with him in his office.

19. This conduct began in March 2017 and escalated through the end of the semester.

20. In one instance, Ms. Boyette-Foltz went to see Mr. Stacy at his office and he would not allow her to leave the room.

21. He kept pulling her back onto him when she was attempting to leave. Afterward, Ms. Boyette-Foltz emailed Mr. Stacy to tell him "I just don't want you to think anything will…happen. I'm with Raymond. You're my teacher and I'm your student…"

22. Mr. Stacy often exhibited angry behavior toward Ms. Boyette-Foltz when she would not return his flirtatious advances.

23. In several emails he engaged in passive aggressive behavior designed to guilt Ms. Boyette-Foltz into returning or reciprocating his feelings.

24. Ms. Boyette-Foltz was left with little alternative than to engage Mr. Stacy based on this behavior.

25. Additionally, Mr. Stacy's retaliatory and harassing conduct included altering the grades of his victim.

26. In an email from Ken Nickels, Academic Dean, Ms. Boyette-Foltz was notified that her grade in Math 112 had been changed as a result of the academic appeal process.

27. Ms. Boyette-Foltz found the advances and harassment offensive and rejected them.

28. Ms. Boyette-Foltz made complaints to Defendant Black Hawk about Stacy on May 17, 2017, but harassing and retaliatory conduct continued.

29. Defendant Black Hawk College was aware of previous conduct by Defendant Stacy that constituted sexual harassment of other students.

30. Defendant Black Hawk College was aware of previous conduct by Defendant Stacy that constituted retaliation and general harassment of other students.

31. In the past Defendant Stacy had cornered a female student in his office, run his hand through her hair and sexually harassed her.

32. The student reported this conduct to Defendant Black Hawk College and asked to transfer out of Defendant Stacy's classroom.

33. Defendant Black Hawk College allowed the student to transfer and did not complete an investigation into whether Defendant Stacy engaged in the alleged conduct.

34. Defendant Black Hawk College took no action to prevent Defendant Stacy from engaging in this conduct again.

35. Students on several occasions made Defendant Black Hawk College aware that Defendant Stacy would often make statements to his classroom that anyone that crossed him would have to deal with his ex-convict criminals.

36. Defendant Stacy would make these and similar comments for purposes of intimidating the students in his classroom.

37. Defendant Black Hawk College took no action to prevent Defendant Stacy from engaging in this harassing and retaliatory conduct.

38. Defendant Black Hawk College failed to take reasonable action to prevent Defendant Stacy's conduct from recurring.

39. The sexually offensive conduct and retaliatory conduct create a hostile and intimidating work environment for Ms. Boyette-Foltz and interfered with her ability to get an education.

40. It also caused her significant emotional distress and continues to do so until this day.

**COUNT I – VIOLATION OF TITLE IX – SEXUAL HARASSMENT**

41. Plaintiff restates the previous paragraphs as if stated herein.

42. Defendants' conduct constitutes sexual harassment in education pursuant to Title IX of the Civil Rights Act of 1964.

43. Defendants' conduct is the legal and factual cause of damages to Plaintiff.

**WHEREFORE,** Plaintiff, Brooke Boyette-Foltz, prays for judgment against the Defendants in an amount deemed reasonable and proper for compensatory damages, punitive damages, for interest and costs as allowed by law, attorney fees and for such other and further relief as is just and appropriate in the circumstances.

### COUNT II – VIOLATION OF TITLE IX - RETALIATION

44. Plaintiff restates the previous paragraphs as if stated herein.

45. Defendants' conduct constitutes retaliation in education pursuant to Title IX of the Civil Right Act of 1964.

46. Defendants' conduct is the legal and factual cause of damages to Plaintiff.

**WHEREFORE,** Plaintiff, Brooke Boyette-Foltz, prays for judgment against the Defendants in an amount deemed reasonable and proper for compensatory damages, punitive damages, for interest and costs as allowed by law, attorney fees, and for such other and further relief as is just and appropriate in the circumstances.

### COUNT III – VIOLATION OF ILLINOIS HUMAN RIGHTS ACT - SEXUAL HARASSMENT

47. Plaintiff restates the previous paragraphs as if stated herein.

48. Defendants' conduct constitutes sexual harassment pursuant to the Illinois Human Rights Act.

49. The Illinois Department of Human Rights issued a closure letter on this file on January 29, 2019.

50. Defendants' conduct is the legal and factual cause of damages to Plaintiff.

**WHEREFORE,** Plaintiff, Brooke Boyette-Foltz, prays for judgment against the Defendants in an amount deemed reasonable and proper for compensatory damages, punitive damages, for interest and costs as allowed by law, attorney fees and for such other and further relief as is just and appropriate in the circumstances.

**COUNT IV – VIOLATION OF ILLINOIS HUMAN RIGHTS ACT - RETALIATION**

51. Plaintiff restates the previous paragraphs as if stated herein.

52. Defendant Stacy's conduct constitutes retaliation pursuant to the Illinois Human Rights Act.

53. The Illinois Department of Human Rights issued a closure letter on this file on January 29, 2019.

54. Defendant Stacy's conduct is the legal and factual cause of damages to Plaintiff.

**WHEREFORE,** Plaintiff, Brooke Boyette-Foltz, prays for judgment against the Defendant in an amount deemed reasonable and proper for compensatory damages, punitive damages, for interest and costs as allowed by law, attorney fees, and for such other and further relief as is just and appropriate in the circumstances.

**COUNT V – INTENTIONAL INFLICTION OF EMOTION DISTRESS (STACY)**

55. Plaintiff restates the previous paragraphs as if stated herein.

56. Defendant Stacy's conduct constitutes an intentional infliction of emotional distress pursuant to the law.

57. Defendant Stacy's conduct is the legal and factual cause of damages to the Plaintiff.

**WHEREFORE,** the Plaintiff, Brooke Boyette-Foltz, prays for judgment against the Defendant in an amount deemed reasonable and proper for compensatory damages, punitive damages, for interest and costs as allowed by law and for such other and further relief as is just and appropriate in the circumstances.

### COUNT VI – NEGLIGENCE (STACY)

58. Plaintiff restates the previous paragraphs as if stated herein.

59. Defendant Stacy's conduct constitutes negligence pursuant to the law.

60. Defendant Stacy's conduct is the legal and factual cause of damages to the Plaintiff.

**WHEREFORE,** the Plaintiff, Brooke Boyette-Foltz, prays for judgment against the Defendant in an amount deemed reasonable and proper for compensatory damages, punitive damages, for interest and costs as allowed by law and for such other and further relief as is just and appropriate in the circumstances.

### COUNT VII – RESPONDEAT SUPERIOR LIABILITY (BLACK HAWK COLLEGE)

61. Plaintiff restates the previous paragraphs as if stated herein.

62. Defendant Stacy was an employee of Defendant Black Hawk College at the time of his tortious conduct.

63. Defendant Stacy was on Black Hawk College campus when he committed the majority of his tortious conduct.

64. Defendant Black Hawk College is responsible for the actions of its employees as if those actions were the action of the company.

**WHEREFORE,** the Plaintiff, Brooke Boyette-Foltz, prays for judgment against the Defendant in an amount deemed reasonable and proper for compensatory damages, punitive

damages, for interest and costs as allowed by law, and for such other and further relief as is just and appropriate in the circumstances.

**COUNT VIII – NEGLIGENT HIRING AND RETENTION (BLACK HAWK COLLEGE)**

65. Plaintiff restates the previous paragraphs as if stated herein.

66. Upon information and belief, Defendant Black Hawk College hired and retained Defendant Stacy in his capacity as a professor in a manner that constitutes negligence under the law.

67. Defendant Black Hawk College's conduct is the legal and factual cause of damages to the Plaintiff.

**WHEREFORE,** the Plaintiff, Brooke Boyette-Foltz, prays for judgment against the Defendant in an amount deemed reasonable and proper for compensatory damages, punitive damages, for interest and costs as allowed by law, and for such other and further relief as is just and appropriate in the circumstances.

**COUNT IX – NEGLIGENT SUPERVISION (BLACK HAWK COLLEGE)**

68. Plaintiff restates the previous paragraphs as if stated herein.

69. Upon information and belief, Defendant Black Hawk College supervised Defendant Stacy in his capacity as a professor in a manner that constitutes negligence under the law.

70. Defendant Black Hawk College's conduct is the legal and factual cause of damages to the Plaintiff.

**WHEREFORE,** the Plaintiff, Brooke Boyette-Foltz, prays for judgment against the Defendant in an amount deemed reasonable and proper for compensatory damages, punitive

damages, for interest and costs as allowed by law, and for such other and further relief as is just and appropriate in the circumstances.

### COUNT X – NEGLIGENT TRAINING (BLACK HAWK COLLEGE)

71. Plaintiff restates the previous paragraphs as if stated herein.

72. Upon information and belief, Defendant Black Hawk College trained Defendant Stacy in his capacity as a professor in a manner that constitutes negligence under the law.

73. Defendant Black Hawk College's conduct is the legal and factual cause of damages to the Plaintiff.

**WHEREFORE,** the Plaintiff, Brooke Boyette-Foltz, prays for judgment against the Defendant in an amount deemed reasonable and proper for compensatory damages, punitive damages, for interest and costs as allowed by law, and for such other and further relief as is just and appropriate in the circumstances.

Respectfully submitted,

HOPKINS & HUEBNER, P.C.

By */s/ Eric M. Updegraff*
Eric M. Updegraff, AT 0008025
2700 Grand Avenue, Suite 111
Des Moines, IA 50312
Telephone: 515-244-0111
Facsimile: 515-244-8935
E-mail: eupdegraff@hhlawpc.com
ATTORNEYS FOR PLAINTIFF

**ORIGINAL FILED**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| BROOKE BOYETTE-FOLTZ,<br><br>    Plaintiff,<br><br>v<br><br>BLACK HAWK COLLEGE AND ALBERT STACY,<br><br>    Defendants. | LAW NO. _____<br><br><br>**JURY DEMAND** |

**COMES NOW** the Plaintiff, Brooke Boyette-Foltz, and submits her jury demand requesting a jury for all issues triable to a jury.

                                              Respectfully submitted,

                                              HOPKINS & HUEBNER, P.C.

                                              By */s/ Eric M. Updegraff*
                                                  Eric M. Updegraff, AT 0008025
                                                  2700 Grand Avenue, Suite 111
                                                  Des Moines, IA 50312
                                                  Telephone:  515-244-0111
                                                  Facsimile:  515-244-8935
                                                  E-mail: eupdegraff@hhlawpc.com
                                                  ATTORNEYS FOR PLAINTIFF

**ORIGINAL FILED.**